[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] STIPULATION
The parties here to stipulate and agree as follows and request that this court incorporate same into its dissolution CT Page 13782 decree:
The parties shall have joint legal custody of the minor child, and the Wife shall be the residential parent and the Husband shall have reasonable rights of visitation with the child, as follows:
 a) The Husband shall have the child with him on Father's Day; and the Wife shall have the child with her on Mother's Day.
 b) The Husband shall also have visitation with the child for two consecutive weeks during each calendar year; provided however the Husband shall give not less than one month's notice to the Wife of the weeks that he requests. Scheduling of the weeklong long visitations shall accommodate the schedules of the parties and the child's activities.
 c)The Husband shall have alternate weekends with the child, and weeknight visitations as the parties may agree. The Husband shall return the child home by 7:30 p. m. on school weeknights. A weekend for the Husband shall be from Friday afternoon, when he picks up the child from his after-school program or summer program, until Sunday afternoon at 4:00 p. m., when he will deliver the child to the Wife's residence. The parties will arrange for holiday visitations by mutual agreement.
Both parties agree to maintain reasonable flexibility in the use and enforcement of the visitation schedule in order to accommodate the business and personal commitments of each of the parties, and the child's activities.
The Husband shall be responsible for all costs of transportation incurred in obtaining and returning the child during his periods of visitation. Notwithstanding the foregoing, the parties agree to try to accommodate each other in the event of an unexpected business or personal conflict. In the event that the Husband, despite his best efforts to do so, shall be unable to obtain and/or return the child during his periods of visitation and has given the Wife reasonable prior notice thereof, the Wife shall do so if the same is reasonably convenient for the Wife with due regard to the Wife's previously scheduled plans, and the Husband shall reimburse the Wife for all costs associated therewith. CT Page 13783
Each party shall keep the other informed at all reasonable times as to the whereabouts of the child while with the Husband or the Wife, including the address and telephone number of where he can be reached, and each agrees to promptly notify the other of any illness, accident, or other circumstances affecting the health and welfare of the child.
The Husband shall not consume alcohol prior to or during the time that he has visitation with the child and shall continue to remain sober.
The Husband represents that the child is covered by a group medical and hospitalization insurance policy that is available through his employment, and he shall continue to provide said coverage for the child available through his employment, and any similar plan available through subsequent employment, for as long as he is obligated to support said child.
The Wife shall be entitled to process claims for insurance payments or insurance reimbursement in her name with the Husband's insurance company, and she shall be entitled to direct payment of all insurance checks not payable to the medical provider, whether such checks are in reimbursement for payments the Wife has already made or are intended for payments that are due to the medical provider. Nothing herein shall be deemed to preclude the insurance carrier from issuing checks to the Wife payable to the medical provider or from issuing checks directly to the medical provider for whom such payment is intended.
The Husband shall pay 50 percent and the Wife shall pay 50 percent of all unreimbursed medical, dental, orthodontic, pharmaceutical, psychological, psychiatric, hospitalization, nursing and other health related expenses for the minor child.
The Husband represents that he has a life insurance policy available to him through his employment, which has a present death benefit of $70,000. The Husband agrees that he shall name the minor child primary irrevocable beneficiary, with the Wife as Trustee, for so long as there exists a support obligation to the child. In the event that this death benefit increases, the Husband agrees that he shall provide that any death benefit increase shall be designated for the benefit of the minor child with the Wife as Trustee. In the event that the Husband leaves his present employer and obtains subsequent employment which CT Page 13784 provides a life insurance policy, he shall continue to name the child primary irrevocable beneficiary, with the Wife as Trustee.
The Husband further agrees to furnish the Wife at the time of the dissolution hearing and thereafter on an annual basis, proof that he is insured and in what amount, and that the beneficiary of said insurance is the child.
In the event that the insurance required herein shall not be maintained in effect at the time of the Husband's death, and there still exists a child support obligation, then the amount of the Husband's remaining obligation to the minor child shall constitute a charge upon the estate and an indebtedness of the estate of the Husband in favor of the child.
The Wife represents that she has a life insurance policy available to her through her employment, which has a present death benefit of $20,000. The Wife agrees that she shall name the minor child primary irrevocable beneficiary, with the Husband as Trustee so long as there exists a support obligation to the child. In the event that this death benefit increases, the Wife agrees that she shall provide that any death benefit increase shall be designated for the benefit of the minor child with the Husband as Trustee. In the event that the Wife leaves her present employer and obtains subsequent employment which provides a life insurance policy, she shall continue to name the child primary irrevocable beneficiary, with the Husband as Trustee.
The Wife further agrees to furnish the Husband at the time of the dissolution hearing and thereafter on an annual basis, proof that she is insured and in what amount, and that the beneficiary of said insurance is the child.
In the event that the insurance required herein shall not be maintained in effect at the time of the Wife's death, and there still exists a child support obligation, then the amount of the Wife's remaining obligation to the child shall constitute a charge upon the estate and an indebtedness of the estate of the Wife in favor of the child.
The Husband represents that the child is covered by a group medical and hospitalization insurance policy that is available through his employment, and he shall continue to provide said coverage for the child available through his employment, and any similar plan available through subsequent employment, for as long CT Page 13785 as he is obligated to support said child.
The Wife shall be entitled to process claims for insurance payments or insurance reimbursement in her name with the Husband's insurance company, and she shall be entitled to direct payment of all insurance checks not payable to the medical provider, whether such checks are in reimbursement for payments the Wife has already made or are intended for payments that are due to the medical provider. Nothing herein shall be deemed to preclude the insurance carrier from issuing checks to the Wife payable to the medical provider or from issuing checks directly to the medical provider for whom such payment is intended.
The Husband shall pay 50 percent and the Wife shall pay 50 percent of all unreimbursed medical, dental, orthodontic, pharmaceutical, psychological, psychiatric, hospitalization, nursing and other health-related expenses for the minor child.
The jointly — owned United States Savings Bonds will be divided equally between the parties. In the event that they cannot be divided exactly, the odd lot bond(s) will be held for the benefit of the child by the Wife.
The Husband agrees to indemnify and hold the Wife harmless of and from any and all future claims or demands and suits with respect to federal and/or state income and/or capital gains taxes for any years which the parties filed a joint income tax return, caused by or resulting from any omissions or mistakes in the reporting of the Husband's income or deductions. In the event the Wife is obligated to pay any deficiency interest, penalty or otherwise, as a result of the Husband's omission or mistake with respect to said tax return, she shall be immediately reimbursed in full by the Husband. Notwithstanding the foregoing, if such charge resulted from an omission or mistake in the reporting of the Wife's income or deductions, the Wife shall be solely responsible for said payments and shall not be entitled to reimbursements by the Husband.
The Wife agrees to indemnify and hold the Husband harmless of and from any and all future claims or demands and suits with respect to federal and/or state income and/or capital gains taxes for any years which the parties filed a joint income tax return, caused by or resulting from any omissions or mistakes in the reporting of the Wife's income or deductions. In the event the Husband is obligated to pay any deficiency interest, penalty or CT Page 13786 otherwise, as a result of the Wife's omission or mistake with respect to said tax return, he shall be immediately reimbursed in full by the Wife.
For the tax year 1998 and thereafter, the Wife shall be entitled to claim the dependency exemption for the child on her federal and state income tax returns.
THE PLAINTIFF THE DEFENDANT
Denise Norton Stephen Norton
Counsel for Plaintiff Counsel for Defendant
Douglas J. Wells, Esq. Ernest Lafollette, Esq.
 SCHEDULE A
1. 4"x6" oriental rug 2. ornamental crystal candle holder 3. toaster oven (if it exists) 4. blender 5. electric wok 6. stainless silver knives electric 7. electric mixer 8. 4-head VCR (Steve's before marriage) 9. dresser mirror 10. 3 oak serving tables 11. brass frame mirrors and clock 12. jem rock tumbler 13. black luggage 14. beer stein collection 15. saxophone 16. spare wooden kitchen table and 2 chairs 17. silver ingot 18. stereo from attic 19. 2 of the 2"x 3" metal clocks 20. small TV in living room 21. any photograph doubles of Evan 22. half of antique tools 23. power tools 24. Steve's clothing
 APPENDIX A CONNECTICUT CHILD SUPPORT AND ARREARAGE GUIDELINES
CT Page 13787 WORKSHEET A — Page 1
___________________ _________________ ________________________ MOTHER FATHER NAME OF CUSTODIAN
COURT ____________ D.N./CASE NO. ____________ NUMBER OF CHILDREN _______
CHILD'S NAME DATE OF BIRTH CHILD'S NAME DATE OF BIRTH
________________ __________________ ________________ _______________ ________________ __________________ ________________ _______________ ________________ __________________ ________________ _______________
 I. Net Income Computation (Weekly amounts) MOTHER FATHER ----------------------------------------------------------------------- 1. Gross income (attach verification) $ ____ $ ____
2. Number of exemptions for tax purposes _____ _____
3. Federal income tax $ ____ $ ____
4. State and local income tax $ ____ $ ____
5. Social security tax or mandatory retirement $ ____ $ ____
6. Health insurance premiums (other than child) $ ____ $ ____
7. Union dues or fees $ ____ $ ____
8. Unreimbursed work-related day care $ ____ $ ____
9. Other alimony and child support orders $ ____ $ ____
10. Sum of lines 3 — 9 $ ____ $ ____
11. Net income (line 1 minus line 10) $ ____ $ ____
 II. Current Support Determination ----------------------------------------------------------------------- 12. Combined net weekly income (nearest $10.00) $ ____
13. Basic obligation (from schedule) $ ____
14. Check here if noncustodial parent is a low-income obligor (see instructions) _____
CT Page 13788
15. Child's health insurance premium $ ____ $ ____
16. Total obligation (Line 13 minus noncustodial parent's line 15 amount if line 14 is checked; line 13 plus line 15 total for all other cases) $ ____
17. Each parent's decimal share of line 12 (If line 14 is checked, skip this line and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18.) _____ _____
18. Each parent's share of the total obligation (Line 17 times line 16 for each parent) $ ____ $ ____
19. Health insurance premium adjustment $ ____ $ ____
20. Social security benefits adjustment $ ____ $ ____
21. Sum of lines 19 and 20 (for each parent) $ ____ $ ____
22. Recommended support amounts (Line 18 minus line 21) $ ____ $ ____
23. Current support order (Noncustodial parent(s) only. If different from line 22 amount, explain in section VI.) $ ____ $ ____ GO TO NEXT PAGE
 CONNECTICUT CHILD SUPPORT AND ARREARAGE GUIDELINES WORKSHEET A — Page 2
 III. Total Arrearage Determination ----------------------------------------------------------------------- 24. Delinquencies on current support orders $ ____
25. Unpaid court-ordered arrearages $ ____
26. Past-due support (not court-ordered) $ ____
27. Total arrearage (sum of lines 24 through 26) $ ____
 IV. Arrearage Payment Determination ----------------------------------------------------------------------- 28. Current support order from line 23 (or imputed support obligation for IV-D arrearages owed to the state or if child living with obligor) $ ____
CT Page 13789
29. Twenty percent (20%) of line 28 (or fifty percent (50%) of line 28 if there is no child under age 18) $ ____
30. Noncustodial parent's line 11 amount $ ____
31. Fifty-five percent (55%) of line 30 $ ____
32. Line 31 minus line 28 $ ____
33. Line 28 plus $145 $ ____
34. Line 30 minus line 33 $ ____
35. Recommended arrearage payment $ ____ (Smallest of lines 29, 32, and 34; or $5.00/month if child living with obligor and obligor's gross income is not more than 250% of poverty level; or the lesser of $5.00/week or line 34 for low-income obligor. If arrearages are owed to the state and the family, $5.00/month of this amount is allocated to the state, and the balance to the family.)
36. Arrearage payment order (At least $5.00/month unless line 34 is less than $1.00. If different from line 35, explain in section VI.) $ ____
 V. Order Summary ----------------------------------------------------------------------- 37. Current support order $ ____
38. Arrearage payment order $ _______ $ ________ to state to family 39. Total arrearage $ _______ $ ________ to state to family 40. Total weekly support order (Line 37 plus line 38 total) $ ____
 VI. Deviation Criteria Applied ----------------------------------------------------------------------- 41. Reasons for deviation from current support and/or arrearage guidelines: _______________________________________________________________________ _______________________________________________________________________ _______________________________________________________________________ _______________________________________________________________________
CT Page 13790
 _________________ __________________ _____________ Prepared by Title Date